Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4304 | **DATE** | 9/7/2011 |
| **CASE TITLE** | LAWRENCE SMIZER v. COMMUNITY MENNONITE EARLY LEARNING CENTER | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Plaintiff's motion to compel [34] in part and DENIES it in part.

■[ For further details see text below.]    Docketing to mail notice.

## STATEMENT

Plaintiff Lawrence Smizer alleges in his complaint that his former employer, Defendant Community Mennonite Early Learning Center (CMELC), an early childhood education provider, discriminated against him on the basis of his sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, when it terminated his employment. He now moves the Court to compel CMELC to produce certain documents. His motion focuses on documents related to his tardiness or lack thereof, the cleanliness of his classroom or lack thereof, and the tardiness and cleanliness of his colleagues. Smizer claims that these documents will help him show that his tardiness and lack of cleanliness were not reasonable bases for firing him while his female counterparts remained employed. To be sure, the performance of similarly situated female employees may very well be relevant to Smizer's case against CMELC. But, CMELC responds that it did not terminate Smizer's employment on the basis of his tardiness or lack of cleanliness, but rather on the basis of a troubling Facebook posting that Smizer made regarding other employees of CMELC. Thus, CMELC argues that there are no similarly situated female employees because no one else made such a posting, and that Smizer is requesting irrelevant information in discovery.

Rule 26 of the Federal Rules of Civil Procedure makes clear that at the discovery stage, information requested must be "reasonably calculated to lead to the discovery of admissible evidence." While CMELC claims now that Smizer's Facebook posting was the sole cause of his termination, Smizer has provided the Court with ample documentation from within CMELC indicating that CMELC claimed at various other times that there were other reasons for his termination, including his tardiness and lack of cleanliness. By raising these other justifications, CMELC opened itself up to related discovery if for no other reason than that "a shifting justification for an employment action can itself be circumstantial evidence of an unlawful motive."

*Chaney v. Plainfield Healthcare Center*, 612 F.3d 908, 916 (7th Cir. 2010). Because CMELC's various justifications for firing Smizer may therefore be admissible at trial, evidence about the validity of those justifications may also be relevant. At least some of Smizer's requests are therefore reasonably calculated to lead to the discovery of admissible evidence.

Therefore, the Court rules as follows with regard to Smizer's outstanding requests. The Court grants his motion with regard to the time records of his female counterparts. The Court denies his motion with regard to their college transcripts as that information seems completely unrelated to any of the reasons CMELC gave for firing him. The Court denies Smizer's requests for tax returns, as they are similarly unrelated. The Court grants Smizer's requests for NAEYC reports and DCFS-related information only to the extent that the documents provide information about the cleanliness of classrooms at CMELC. The Court grants Smizer's requests for records from CMELC's time clock program. Finally, the Court grants Smizer's requests for information regarding pest control.at CMELC. On the basis of the parties' briefs, it appears that the remainder of Smizer's requests have been answered or withdrawn.

*Wm. J. Hibbler*